UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

EFRAIN REYES,

Defendant.

18 Cr. 454-12 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On the record on January 20, 2021, the Court granted in part and denied in part the motion to unseal certain documents in this case. (*See* Minute Entry of January 20, 2021). The Court deferred ruling on whether to order the unsealing of sensitive personal information about Mr. Reyes. (*See id.*). After reviewing the parties' submissions and conducting research into the issue, the Court orders the unsealing of some personal information about Mr. Reyes insofar as it is directly relevant to Mr. Reyes's sentencing and plea proceedings, but declines to order that all sensitive personal information at issue be unsealed. Specifically, the Court orders that information about Mr. Reyes's COVID-19 diagnosis must be unsealed, and that information about his drug use — insofar as it is directly relevant to arguments advanced at the plea and sentencing — must also be unsealed.

The Court incorporates by reference its January 20, 2021 discussion with the parties on the record regarding the applicable legal standards. Although there is a First Amendment "presumption of access" to judicial documents, *see Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), "[w]hat offends the First Amendment is the attempt to [exclude the

public] without sufficient justification," *N.Y. Civil Liberties Union* v. *N.Y.C. Transit Auth. ("NYCTA ")*, 684 F.3d 286, 296 (2d Cir. 2012), not the simple act of exclusion itself. Thus, the presumptive right of access prevails unless it is overcome by "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124; *see also Mirlis* v. *Greer*, 952 F.3d 51, 58-59 (2d Cir. 2020).

"[T]he privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure ... should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted." *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

> In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.

*United States* v. *Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("*Amodeo II*"); *see also Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990) (holding that disclosure of "intimate relations" qualifies the common law right of access). "The nature and degree of injury must also be weighed." *Amodeo II*, 71 F.3d at 1051. Finally, in balancing the qualified right of public access against privacy interests, the Court must consider "the sensitivity of the information and the

subject," "the reliability of the information," and whether "there is a fair opportunity for the subject to respond to any accusations contained therein." *Id.*

After weighing these considerations, the Court finds that the public's limited interest in Mr. Reyes is outweighed by the privacy interests of Mr. Reyes and Mr. Reyes's family, except for with respect to two specific issues. *First*, the Court orders that information relating to Mr. Reyes's COVID-19 diagnosis be unsealed. As a general matter, "information such as personal identifiers, family medical information, or information about victims or witnesses might warrant privacy protection, other personal information concerning the defendant should be disclosed, *particularly when it serves as the basis for sentencing advocacy*." United States v. Strevell, No. 05 Cr. 477 (GLS), 2009 WL 577910, at *5 (N.D.N.Y. Mar. 4, 2009) (emphasis added). Here, Defendant put certain aspects of his medical history directly at issue by arguing that the Court should consider his COVID-19 diagnosis at sentencing. *Accord United States* v. *Pasqua*, No. 16 Cr. 591 (NSR), 2020 WL 7338082, at *3 (S.D.N.Y. Dec. 12, 2020) (unsealing medical information in sentencing submission where "Defendant's medical information was submitted in the form of sentencing advocacy — *e.g.*, aspects of his medical condition were identified as a basis for certain sentencing conditions").[1] *Second*, and for substantially the same

---

[1] Furthermore, the Court notes that the public may have a significant interest in the health conditions that precipitated Mr. Reyes's death (*i.e.*, COVID-19). We are in the middle of a COVID-19 pandemic; Mr. Reyes was released because he was suffering from the virus; and he ultimately died from it.

3

reasons, insofar the parties advanced arguments at sentencing or at the plea regarding Mr. Reyes's history of drug use, that information must also be unsealed. *Accord Pasqua*, 2020 WL 7338082, at *3. Thus, the Court finds that Mr. Reyes's privacy interests in: (i) personal medical information related to his COVID-19 diagnosis, and (ii) information about his history of drug use as relevant to the plea and sentencing proceedings, are not sufficiently strong to outweigh the presumption of access.

However, the Court does not believe that the public's interest in Mr. Reyes outweighs the privacy interests that Mr. Reyes and his family have in other aspects of Mr. Reyes's medical history and history of drug use. This other private information is not directly relevant to Mr. Reyes's plea or sentencings, and its disclosure "would not promote any of the values associated with public scrutiny of the sentencing process." *United States* v. *Sattar*, 471 F. Supp. 2d 380, 388 (S.D.N.Y. 2006); see also *United States* v. *Roeder*, No. 05 Cr. 6161L, 2009 WL 385448, at * 2 (W.D.N.Y Feb. 13, 2009) (sealing letters from the defendant's psychotherapist and psychiatrist). According to Movant, the public's interest in Mr. Reyes stems solely from the fact that he briefly shared a cell with Mr. Epstein. While information about Mr. Reyes's COVID-19 diagnosis was directly relevant to Mr. Reyes's plea and sentencing, as was limited information about his history of drug use, all other information about any of Mr. Reyes's other health conditions, including drug use, is not relevant to these judicial proceedings.

While the Court does not doubt that the public has some interest in Mr. Reyes based solely on the fact of his brief acquaintance with Mr. Epstein, any such interest is overcome by the significant privacy interests in sensitive personal information regarding Mr. Reyes's health that is not otherwise related to his sentencing or plea.  This private information is completely unrelated to both the values associated with public scrutiny of the criminal justice system, and to Mr. Reyes's minimal ties to Mr. Epstein.  Accordingly, the Court will issue redacted versions of the transcripts of Mr. Reyes's plea and sentencing and a redacted version of the defense sentencing submission under separate cover.

SO ORDERED.

Dated:   January 27, 2021
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge