1

XJ8QHREY                    SEALED - DO NOT DOCKET

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                          18 Cr. 454 (KPF)

5   EFRAIN REYES,

6                                          Plea
                   Defendant.
7   ------------------------------x

8
                                           New York, N.Y.
9                                          August 26, 2019
                                           2:30 p.m.
10

11  Before:

12                 HON. KATHERINE POLK FAILLA,

13
                                           District Judge
14

15                      APPEARANCES

16  GEOFFREY S. BERMAN
         United States Attorney for the
17       Southern District of New York
    FRANK J. BALSAMELLO
18       Assistant United States Attorney

19  MARLON G. KIRTON
         Attorney for Defendant

20

21

22

23

24

25

XJ8QHREY                          SEALED - DO NOT DOCKET

1              (Case called)

2              MR. BALSAMELLO:  Good afternoon, your Honor.  Frank

3    Balsamello for the United States.

4              THE COURT:  Sir, good afternoon.  Thank you.

5              MR. KIRTON:   Good afternoon.  Marlon Kirton for

6    Mr. Reyes.

7              THE COURT:  Mr. Kirton, before you sit down, let me

8    ask you some questions.

9              MR. KIRTON:  Yes.

10             THE COURT:  It is my understanding that it's the wish

11   of the parties that this matter be subject to delayed

12   docketing, is that correct?

13             MR. KIRTON:  That's correct, your Honor.

14             THE COURT:  Very briefly, are you also asking, I

15   presume, that this transcript be sealed at this time?

16             MR. KIRTON:  Yes, I am.

17             THE COURT:  I don't want to just decide this

18   reflexively.  May I just have a sentence or two about why it is

19   appropriate both that the matter be delayed docketing and that

20   this transcript be sealed, and if you prefer that

21   Mr. Balsamello do that, that's fine, too.  I just want to hear

22   from one of you before I make the determination.

23             MR. KIRTON:  Your Honor, the parties propose that my

24   client plead guilty to a cooperation agreement.  My client has

25   had a number of meetings with the government concerning his

XJ8QHREY                    SEALED - DO NOT DOCKET

1    involvement not only in this conspiracy but other criminal

2    matters, and for issues of safety, we request that this docket

3    be sealed and the docket entry be delayed.

4          THE COURT:  OK.  For those reasons, I will do that.

5    Thank you very much.

6          Sir, do you have a copy of the indictment in this

7    case?  Mr. Kirton, do you have a copy of the indictment in this

8    case?

9          MR. KIRTON:  Yes.

10          THE COURT:  OK.  Do you also have a copy of the letter

11    from the government to you dated August 15?

12          MR. KIRTON:  Yes, I do.

13          THE COURT:  I'd ask you, please, to place both of

14    those documents in front of your client, if you could.

15          MR. KIRTON:  Thank you, your Honor.

16          THE COURT:  Thank you.  You may be seated, sir.  Thank

17    you so much.

18          MR. KIRTON:  Thank you.

19          THE COURT:  Mr. Reyes, good afternoon to you, sir.

20          THE DEFENDANT:  Good afternoon.  I stand up?

21          THE COURT:  Whatever you're more comfortable doing.

22    If it's easier for you to sit down, you may sit down.

23          THE DEFENDANT:  Yeah, I have a bad leg.

24          THE COURT:  Then let's sit down.  What I am going to

25    ask you to do is take the microphone and bring it a little bit

XJ8QHREY                    SEALED - DO NOT DOCKET

1    closer to you because I want to make sure we all can hear you.
2    Thank you.

3           Sir, your attorney has placed in front of you the
4    indictment in this case and a letter that he has received from
5    the United States Attorney's Office for this district.  In a
6    prior court proceeding before me, you entered a plea of not
7    guilty to the charges in this indictment, and it is my
8    understanding that today you wish to change that plea and enter
9    a plea of guilty to Count One of this indictment, is that
10   correct, sir?

11          THE DEFENDANT:  Yes, ma'am.

12          THE COURT:  And you wish to do that pursuant to an
13   agreement that you have with the government, sir?

14          THE DEFENDANT:  Yes, ma'am.

15          THE COURT:  Mr. Reyes, before I can accept your guilty
16   plea, I need to ask you a series of questions, and let me
17   please explain to you the purpose of those questions.  I want
18   to first ensure -- excuse me, let me start with the front end.

19          I want to sure that you are competent to enter a plea
20   of guilty, that you can see and hear and understand what's
21   going on in the courtroom, and that you are under no influence
22   that would impair your ability to understand these proceedings.
23   If I find that that is the case, I will talk to you about the
24   rights that you have and would be waiving by entering a plea of
25   guilty.  We'll talk about the charge to which you propose to

XJ8QHREY                    SEALED - DO NOT DOCKET

1  plead guilty and the penalties that are associated with it.

2  Finally, I will ask you a series of questions to confirm that

3  you are pleading guilty because you are, in fact, guilty of

4  this offense and not for some other reason.

5         Mr. Reyes, if at any time my questions are confusing

6  to you or if at any time you'd like to take a break and speak

7  with your attorney, just let me know.  Will you do that, sir?

8         THE DEFENDANT: ` Yes, ma'am.

9         THE COURT:  Thank you.

10         Ms. Noriega, can I ask you please to swear in

11  Mr. Reyes.

12         THE DEPUTY CLERK:  Yes, your Honor.

13         THE COURT:  Thank you.

14         (Defendant sworn)

15         THE COURT:  Thank you.  You may be seated.

16         Thank you, Mr. Reyes.  The significance of my placing

17  you under oath is if you were to answer any of these questions

18  that I'm about to ask you falsely, you can be prosecuted for a

19  separate offense known as perjury.  Do you understand that,

20  sir?

21         THE DEFENDANT:  Yes, ma'am.

22         THE COURT:  Mr. Reyes, how old are you?

23         THE DEFENDANT:  50.

24         THE COURT:  How far did you go in school, sir?

25         THE DEFENDANT:  I have a GED.

1      THE COURT:  Did you obtain that here in the New York

2  area or somewhere else?

3      THE DEFENDANT:  While incarcerated in the state.

4      THE COURT:  In the state of New York, sir?

5      THE DEFENDANT:  Yes, ma'am.

6      THE COURT:





1

2

3

4

5

6

7

8

9      MR. KIRTON:  OK.  So he was the last inmate

10   incarcerated with Mr. Jeffrey Epstein.

11      THE COURT:  Yes, sir.  All right.  As a consequence of

12   that, as a preventative measure, I imagine they would like to

13   speak with all of the folks who were being moved, is that fair?

14      MR. KIRTON:  That was already done.

15      THE COURT:  OK.

16

17

18

19

20

21

22

23

24

25

SEALED - DO NOT DOCKET





25    THE COURT:   Thank you.

XJ8QHREY                    SEALED - DO NOT DOCKET

1          Is there anything about your prior treatment for drug
2    addiction, either this most recent one or any prior one, that
3    would cause you to be unable to see, hear, or understand what's
4    going on in the courtroom?
5          THE DEFENDANT:  No, ma'am.
6          THE COURT:  In the last two days, have you taken any
7    drugs, medicine, or pills of any type other than what you've
8    already told me about?
9          THE DEFENDANT:  No, ma'am.
10         THE COURT:  In the last two days, have you consumed
11   any alcoholic beverages?
12         THE DEFENDANT:  No, ma'am.
13         THE COURT:  Is your mind clear this afternoon, sir?
14         THE DEFENDANT:  Yes, ma'am.
15         THE COURT:  Do you understand what's happening in this
16   courtroom today?
17         THE DEFENDANT:  Yes, ma'am.
18         THE COURT:  Mr. Kirton, have you had enough of an
19   opportunity to discuss this matter with your client?
20         THE DEFENDANT:  Yes, I have, your Honor.
21         THE COURT:  Do you believe he understands the rights
22   that he has and would be waiving by pleading guilty?
23         MR. KIRTON:  Yes, he does, your Honor.
24         THE COURT:  Do you believe he understands the nature
25   of these proceedings?

XJ8QHREY                    SEALED - DO NOT DOCKET

1            MR. KIRTON:  Yes, he does.

2            THE COURT:  Do you have any doubt as to Mr. Reyes'

3    competence to plead guilty if he wishes to do so?

4            MR. KIRTON:  No, your Honor.

5            THE COURT:  Thank you very much.

6            Mr. Balsamello, do you have any doubt as to Mr. Reyes'

7    competence to plead guilty if he wishes to do so?

8            MR. BALSAMELLO:  No, not at all.

9            THE COURT:  Thank you, sir.

10           Mr. Reyes, based on our conversation this afternoon,

11   and that includes both your answers to my questions and my

12   observations of your demeanor here in court, and based as well

13   on the conversation that I've just had with the attorneys, your

14   attorney and the attorney for the government, I find that

15   you're fully competent to enter a knowing and informed plea of

16   guilty if you wish to do so.

17           I've had your attorney place in front of you the

18   indictment in this case.  Do you still have it there, sir?

19           THE DEFENDANT:  Yes, ma'am.

20           THE COURT:  I've asked you questions about this

21   document previously, but I'm going to ask some more.

22           Have you read this document, sir?

23           THE DEFENDANT:  Numerous times, ma'am.

24           THE COURT:  Have you read it in connection with

25   pleading guilty today, sir?

XJ8QHREY                    SEALED - DO NOT DOCKET

1          THE DEFENDANT:  No, ma'am.

2          THE COURT:  You have not read it?

3          THE DEFENDANT:  Not in the past month.

4          THE COURT:  But you have read it repeatedly in the

5     past?

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:  You are familiar with the charges in this

8     indictment?

9          THE DEFENDANT:  Yes, ma'am.

10         THE COURT:  Have you had enough of an opportunity to

11    speak with your attorney about the charge to which you propose

12    to plead guilty and any defenses that you might have to that

13    charge?

14         THE DEFENDANT:  Yes, ma'am.

15         THE COURT:  Sir, I don't want to know the specifics of

16    your communications with your attorney, but there are some

17    topic areas that I wanted to cover with you.  So if I ask you a

18    question about communications with your attorney, I really just

19    want to know that you touched on a subject matter, not the

20    specifics of your discussions.

21         Has your attorney explained to you the consequences of

22    entering a plea of guilty?

23         THE DEFENDANT:  Yes, ma'am.

24         THE COURT:  Are you satisfied with his representation

25    of you in this matter?

1    THE DEFENDANT:  Yes, ma'am.

2    THE COURT:  Mr. Reyes, I'm now going to turn to the

3    rights that you have and would be waiving, or giving up, if you

4    were to enter a plea of guilty.  If anything that I say is

5    confusing to you, please let me know.

6    THE DEFENDANT:  OK.

7    THE COURT:  Under the Constitution and laws of the

8    United States, you have the right to continue with your

9    previously entered pleas of not guilty to the charges contained

10   in the indictment.  Do you understand that, sir?

11   THE DEFENDANT:  Yes, ma'am.

12   THE COURT:  If you continued with your plea of not

13   guilty, you would be entitled to a speedy and public trial by a

14   jury on the charges contained in the indictment.  Do you

15   understand that, sir?

16   THE DEFENDANT:  Yes, ma'am.

17   THE COURT:  If there were a trial in this case, you

18   would be presumed to be innocent, and the government would be

19   required to prove you guilty by competent evidence beyond a

20   reasonable doubt before you could be found guilty.  Do you

21   understand that, sir?

22   THE DEFENDANT:  Yes, ma'am.

23   THE COURT:  A jury of 12 people would have to agree

24   unanimously that you were guilty of these offenses.  You would

25   not have to prove that you were innocent if you were to go to

XJ8QHREY                    SEALED - DO NOT DOCKET

1    trial.  Do you understand that, sir?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  At a trial and at every stage of your

4    prosecution, you are entitled to the assistance of an attorney.

5    If and to the extent that you cannot afford an attorney, one

6    would be appointed for you at public expense, free of cost to

7    you, in order to represent you.  Do you understand that, sir?

8              THE DEFENDANT:  Yes, ma'am.

9              THE COURT:  If there were a trial in this case,

10   Mr. Reyes, the witnesses for the government would have to come

11   into court and testify in your presence.  Your attorney could

12   cross-examine the government's witnesses.  He could object to

13   the government's evidence, and he could offer evidence on your

14   own behalf if you wanted him to do so.  You would also have the

15   right to have subpoenas or other documents or process issued in

16   order to compel witnesses to testify in your defense.  Do you

17   understand that, sir?

18             THE DEFENDANT:  Yes, ma'am.

19             THE COURT:  If there were a trial in this case,

20   Mr. Reyes, you would have the right to testify if you wanted to

21   do so, and you would have the right not to testify if you

22   wanted not to do so.  If you decided not to testify, no one,

23   including the jury, could draw any inference or suggestion of

24   guilt from your decision not to testify.  Do you understand

25   that, sir?

1      THE DEFENDANT:  Yes, ma'am.

2      THE COURT:  Another consequence of entering a plea of

3  guilty in this fashion is that you give up your right to seek

4  suppression or exclusion of the government's evidence against

5  you.  Are you aware of that, sir?

6      THE DEFENDANT:  Yes, ma'am.

7      THE COURT:  Without giving me the specifics, have you

8  had enough of an opportunity to discuss with your attorney

9  whether there is any basis to seek suppression or exclusion of

10  part or all of the government's evidence against you?

11      THE DEFENDANT:  Yes, ma'am.

12      THE COURT:  Do you understand, sir, that if you were

13  convicted after a trial, you would have the right to appeal

14  from the jury's verdict?

15      THE DEFENDANT:  Yes, ma'am.

16      THE COURT:  Do you also understand that even now, as

17  you're entering this plea, you have the right to change your

18  mind and to continue with your previously entered plea of not

19  guilty to the charges contained in the indictment?

20      THE DEFENDANT:  Yes, ma'am.

21      THE COURT:  If you plead guilty and if I accept your

22  guilty plea, you will give up your right to trial and the other

23  rights that I've just been discussing with you, other than your

24  right to an attorney.  You have the right to an attorney

25  whether you plead guilty or go to trial.  But if you plead

1    guilty and if I accept your guilty plea, there will be no

2    trial.  I will enter a judgment of guilty on Count One of this

3    indictment.  I will sentence you at a later date based on

4    information that I have from you today, that I receive from you

5    today, information that I receive from the United States

6    Probation Office in a document known as a presentence

7    investigation report, and information that I receive from you

8    and from your attorney and from the attorneys for the

9    government in connection with sentencing.

10            If you plead guilty and if I accept your guilty plea,

11   there would be no appeal on the issue of whether the government

12   could use the evidence that it has against you, and there would

13   also be no appeal on the issue of whether you, in fact,

14   committed this offense.

15            Do you understand that?

16            THE DEFENDANT:  Yes, ma'am.

17            THE COURT:  Do you also understand, sir, that if you

18   plead guilty, there is a degree to which you will have to give

19   up your right not to incriminate yourself?  What I mean by that

20   is I will ask a series of questions later on to confirm that

21   you are pleading guilty because you are in fact guilty, and you

22   will have to admit and acknowledge your guilt of that offense.

23   Do you understand that, sir?

24            THE DEFENDANT:  Yes, ma'am.

25            THE COURT:  Mr. Reyes, do you understand each of the

XJ8QHREY                    SEALED - DO NOT DOCKET

1    rights that I've been discussing with you?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  Would you like me to provide any

4    additional or any clarifying information about any of those

5    rights?

6              THE DEFENDANT:  No, ma'am.

7              THE COURT:  Is it your wish today, sir, are you

8    willing to give up your right to trial and the other rights

9    that I've been discussing with you and enter a plea of guilty

10   in this case?

11             THE DEFENDANT:  Yes, ma'am.

12             THE COURT:  You're charged in Count One of the

13   indictment with participating in a conspiracy to distribute and

14   to possess with the intent to distribute 280 grams or more of

15   mixtures and substances containing a detectable amount of

16   cocaine base, this is commonly known as crack cocaine, as well

17   as quantities of heroin and marijuana between in or about 2016

18   and in or about June of 2018.  This charge recites violations

19   of Title 21 of the United States Code, Sections 841(a)(1),

20   841(b)(1)(A), 841(b)(1)(C), 841(b)(1)(D), and 846.

21             Is that your understanding of what Count One charges,

22   sir?

23             THE DEFENDANT:  Yes, ma'am.

24             THE COURT:  And it's your wish to plead guilty to that

25   count, is that correct?

XJ8QHREY                          SEALED - DO NOT DOCKET

1    THE DEFENDANT:  Yes, ma'am.

2    THE COURT:  Mr. Reyes, I'm going to ask for your

3    attention right now, and I will pay my attention as well, to

4    the prosecutor.  I'm going to ask him to outline for both of us

5    the elements of this offense.

6    Thank you, Mr. Balsamello.

7    MR. BALSAMELLO:  Your Honor, if the case went to

8    trial, the government would have to prove two elements beyond a

9    reasonable doubt:  First, that there was an agreement among two

10   or more people to distribute or possess with intent to

11   distribute 280 or more grams of crack cocaine as well as

12   quantities of heroin and marijuana; and, second, that the

13   defendant entered into that agreement knowingly and with the

14   intent to further its objectives.  The government would also

15   have to prove by a preponderance of the evidence that some

16   portion of these crimes occurred -- or this crime occurred in

17   the Southern District of New York.

18   THE COURT:  Thank you very much.

19   Mr. Reyes, did you hear the prosecutor just now?

20   THE DEFENDANT:  Yes, ma'am.

21   THE COURT:  Do you understand, sir, that if you were

22   to go to trial, that would be what the government would have to

23   prove at that trial?

24   THE DEFENDANT:  Yes, ma'am.

25   THE COURT:  I'm going to talk to you now, sir, about

XJ8QHREY                    SEALED - DO NOT DOCKET

1    the penalties that are associated with this offense, and I'm

2    going to begin by talking about the maximum possible penalties

3    that are permitted under each statute.  I want to underscore

4    that this is not necessarily what you're going to receive, but

5    I want to be sure you understand that by pleading guilty, you

6    are exposing yourself to the possibility of receiving any

7    combination of punishments up to the statutory maximum terms

8    that I'm about to describe.  Do you understand that, sir?

9              THE DEFENDANT:  Yes, ma'am.

10             THE COURT:  I will focus first on restrictions on your

11   liberty.  The maximum term of imprisonment for this offense is

12   lifetime imprisonment.  Do you understand that, sir?

13             THE DEFENDANT:  Yes, ma'am.

14             THE COURT:  Do you understand as well that the maximum

15   term of supervised release for this offense is lifetime

16   supervised release?

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  I'll speak to you now about supervised

19   release and what I mean by that term.  Supervised release is a

20   period of time where you would be subject to supervision by the

21   United States Probation Office.  There are terms and conditions

22   of supervised release that you would have to follow.  If you

23   were unable or unwilling to follow those terms and conditions,

24   the possibility exists that your term of supervised release

25   could be revoked and you could be sent to prison to serve

XJ8QHREY                    SEALED - DO NOT DOCKET

1    additional jail time.  If that were to happen, you would not
2    get any credit for the time spent on your term of imprisonment.
3    You would also not get any credit for any time that you had
4    spent on supervised release without incident.  Do you
5    understand each of these things, sir?
6              THE DEFENDANT:  Yes, ma'am.
7              THE COURT:  I also want to make sure you understand
8    that there is no parole in the federal system.  If you are
9    sentenced to a term of imprisonment, you would not be released
10   early on parole.  There is a possibility to earn credit for
11   good behavior.  Even then you'd have to serve approximately
12   85 percent of any term of imprisonment imposed.  Do you
13   understand that, sir?
14             THE DEFENDANT:  Yes, ma'am.
15             THE COURT:  Mr. Reyes, there are also certain
16   financial penalties that are associated with this offense.  The
17   maximum possible fine is the greatest of these three things:
18   $10 million, twice the gross pecuniary gain or twice the gross
19   pecuniary loss to persons other than yourself.  I can order you
20   to make restitution to any person or entity that has been
21   injured as a result of your conduct.  I could order you to
22   forfeit the proceeds that you may have derived from this
23   offense or the property that you may have used to commit or to
24   facilitate the commission of the offense.  Finally, I must
25   order a mandatory special assessment of $100 per count of

XJ8QHREY                    SEALED - DO NOT DOCKET

1  conviction.

2          Do you understand, sir, that these are the maximum

3  possible penalties?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  Mr. Reyes, are you familiar with the term

6  "mandatory minimum"?

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  When I use that term, what I mean is that

9  except in very -- well, in certain circumstances, a limited

10 number of circumstances, you would have to serve the mandatory

11 minimum.  I'm going to begin again.  I want to say that better.

12         When I use the term "mandatory minimum," what I mean

13 is that, except in very limited circumstances, I am not

14 permitted to go below the minimum term specified by the

15 statute.  Are you aware of that, sir?

16         THE DEFENDANT:  Yes, ma'am.

17         THE COURT:  Do you understand that in this case there

18 is a mandatory minimum term of ten years' imprisonment, there's

19 a mandatory minimum term of five years of supervised release?

20         THE DEFENDANT:  Yes, ma'am.

21         THE COURT:  Mr. Kirton, have you spoken with your

22 client about the bases that exist in the law for me to go below

23 the mandatory minimum?

24         MR. KIRTON:  Yes, I have, your Honor.

25         THE COURT:  Is there any reason that I would need to

XJ8QHREY                    SEALED - DO NOT DOCKET

1    review them with him?

2              MR. KIRTON:  No, your Honor.

3              THE COURT:  Thank you, sir.

4              Mr. Reyes, I want to talk to you about something else.

5    I'll let you finish.

6              MR. KIRTON:   Sorry.

7              (Defendant conferred with counsel)

8              MR. KIRTON:  Thank you, your Honor.

9              THE COURT:  Mr. Reyes, again, I don't want to intrude

10   on the communications that you have with your attorney, but may

11   I understand that you and he have discussed the circumstances

12   that would permit me to go below the mandatory minimum term?

13             THE DEFENDANT:  Yes, ma'am.

14             THE COURT:  All right.  Sir, I'm going to ask you some

15   questions, and my experience has been that not all of these

16   questions are applicable to everyone, but I am required to ask

17   them.

18             Are you a United States citizen?

19             THE DEFENDANT:  Yes, ma'am.

20             THE COURT:  I ask because some people appear before me

21   who are not, and a guilty plea can have adverse immigration

22   consequences, including deportation.  Since you are a U.S.

23   citizen, I will ask you something different.

24             Do you understand, sir, that as a result of your

25   guilty plea, you could lose certain valuable civil rights, to

XJ8QHREY                    SEALED - DO NOT DOCKET

1    the extent you have them today or could obtain them in the

2    future?  These would include the right to vote, the right to

3    hold public office, the right to serve on a jury, and the right

4    to possess a firearm.  You are aware of that, sir?

5              THE DEFENDANT:  Yes, ma'am.

6              THE COURT:  Mr. Reyes, at this time are you serving

7    any other sentences?

8              THE DEFENDANT:  No, ma'am.

9              THE COURT:  At this time, sir, to the best of your

10   knowledge, are you being prosecuted anywhere else?

11             THE DEFENDANT:  No, ma'am.

12             THE COURT:  I ask, sir, because sometimes folks have

13   proceedings in state and federal court at the same time or they

14   have an administrative or parole board proceeding separate from

15   this case.  What I want to make sure you understand is that

16   resolution of the case before me does not necessarily resolve

17   any other case that you might have.  Do you understand that,

18   sir?

19             THE DEFENDANT:  Yes, ma'am.

20             THE COURT:  Do the best of your knowledge, this is the

21   one case you have, is that also correct?

22             THE DEFENDANT:  Yes, ma'am.

23             THE COURT:  Mr. Reyes, without giving me the specifics

24   of your communications, have you and your attorney discussed

25   the process of sentencing?

XJ8QHREY                    SEALED - DO NOT DOCKET

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  Do you understand, sir, that I must

3   consult certain statutory factors called 3553(a) factors in

4   imposing sentence in this case?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  One of those factors, sir, is something

7   called the United States Sentencing Guidelines.  Is that a term

8   that is familiar to you, sir?

9          THE DEFENDANT:  Yes, ma'am.

10         THE COURT:  If I use the term "guidelines" or

11  sentencing guidelines," I'm referring to the United States

12  Sentencing Guidelines.  What I wanted to ensure that you

13  understood today, sir, is that if anyone has attempted to

14  predict for you what your ultimate sentence will be, their

15  prediction could be incorrect.  I will be sentencing you at a

16  later date.  I don't have the information that I need.  I hope

17  to obtain that in part today through speaking with you, later

18  on from the probation office in its presentence investigation

19  report, and then finally at sentencing in the oral and written

20  submissions of the parties.

21         Do you understand, sir, that today no one can predict

22  with any confidence what your ultimate sentence will be?

23         THE DEFENDANT:  Yes, ma'am.

24         THE COURT:  Do you also understand that if anyone has

25  attempted to predict for you -- well, let me say it this way:

XJ8QHREY                          SEALED - DO NOT DOCKET

1    If your ultimate sentence is different from what anyone may

2    have suggested it might be, if it is different from what you

3    expect or hoped for, if it is different from any range in any

4    agreement that you may have with the government, you would

5    still be bound by your guilty plea; you would not be able to

6    withdraw your guilty plea based merely on dissatisfaction with

7    your sentence.  Do you understand that, sir?

8              THE DEFENDANT:  Yes, ma'am.

9              THE COURT:  Mr. Reyes, it is my understanding that you

10   are pleading guilty today pursuant to an agreement with the

11   government.  Am I correct?

12             THE DEFENDANT:  Yes, ma'am.

13             THE COURT:  I've been given a document.  It's a letter

14   that is dated August 15 of this year to Mr. Kirton from the

15   United States Attorney's Office.  Do you have a copy of that

16   letter with you, sir?

17             THE DEFENDANT:  Yes, ma'am.

18             THE COURT:  The copy that I have I am marking as Court

19   Exhibit 1, and at the end of this proceeding, I will give it to

20   the government to keep safe.  I'd ask you, please, to turn to

21   the last page of the document, which for me is page 6.  Is that

22   the last page for you, sir?

23             THE DEFENDANT:  Yes, ma'am.

24             THE COURT:  On my page 6 there are four signatures.

25   Are there four signatures on yours, sir?

XJ8QHREY                    SEALED - DO NOT DOCKET

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  Is one of the signatures yours?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  Did you sign this document today in the

5     presence of your attorney?

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:  Before you signed this document, whether

8     today or another day, did you read it, sir?

9          THE DEFENDANT:  Yes, ma'am.

10         THE COURT:  If you had any questions about it, were

11    you able to resolve those questions with your attorney?

12         THE DEFENDANT:  Yes, ma'am.

13         THE COURT:  At the time you signed it, did you

14    understand what was contained or is contained in this

15    agreement?

16         THE DEFENDANT:  Yes, ma'am.

17         THE COURT:  I'll speak to you about a couple of

18    paragraphs in it, and I'm going to ask you to turn to the first

19    page and let me know when you've gotten there.

20         THE DEFENDANT:  I'm there.

21         THE COURT:  Thank you, Mr. Reyes.

22         Mr. Reyes, in the second paragraph on the first page,

23    I understand that you are agreeing to make restitution in an

24    amount to be determined by me at a later date pursuant to the

25    statutes that are set forth there.  Is that, in fact, what

27

1    you've done, sir?

2            THE DEFENDANT:  Yes, ma'am.

3            THE COURT:  So if I find that restitution is warranted

4    and it's owed to someone, you are agreeing to make restitution?

5            THE DEFENDANT:  Yes, ma'am.

6            THE COURT:  In the very next paragraph, I understand

7    that you are admitting to the forfeiture allegation that is

8    associated with Count One of the indictment.  You're therefore

9    agreeing to forfeit any proceeds that you may have derived from

10   the offense or any property that you may have used to commit or

11   to facilitate the commission of the offense.  Is that correct?

12           THE DEFENDANT:  Yes, ma'am.

13           THE COURT:  So do you admit to the forfeiture

14   allegations, sir?

15           THE DEFENDANT:  Yes, ma'am.

16           THE COURT:  Sir, I'm going to ask you to turn to

17   page 2.  You may have done that already, but I'm watching you

18   do that now.  There, you have just done that.

19           In the first full paragraph, there's a list of

20   undertakings.  You are agreeing to do certain things with

21   respect to your interactions with federal law enforcement.  Is

22   that the case, sir?

23           THE DEFENDANT:  Yes, ma'am.

24           THE COURT:  So are you agreeing to do what's contained

25   in this first paragraph?

XJ8QHREY                    SEALED - DO NOT DOCKET

 1              THE DEFENDANT:  Yes, ma'am.

 2              THE COURT:  Sir, I'm now looking at page 3.  Could you

 3    turn to page 3 and let me know when you've gotten there.

 4              THE DEFENDANT:  I'm there, ma'am.

 5              THE COURT:  Thank you.

 6              Mr. Reyes, at the bottom of page 3, there's a

 7    paragraph that carries over onto page 4, and then there are two

 8    other paragraphs.  Actually, I'm going to focus on page 4, the

 9    second full paragraph.  They all seem to begin "it is

10    understood."  But do you see the second full paragraph there,

11    sir?

12              THE DEFENDANT:  Uh-huh.

13              THE COURT:  There's a listing of things or

14    consequences that could happen if, for example, you are found

15    to have committed further crimes or to have given false,

16    incomplete, or misleading testimony or information.  Do you see

17    that, sir?

18              THE DEFENDANT:  Yes, ma'am.

19              THE COURT:  Do you understand those are the

20    consequences for committing further crimes or giving incomplete

21    or misleading testimony or information?

22              THE DEFENDANT:  Yes, ma'am.

23              THE COURT:  The next paragraph which also begins "it

24    is understood," there are additional consequences regarding the

25    provision of false information or the commission of further

XJ8QHREY                    SEALED - DO NOT DOCKET

1   crimes.  Do you see that, sir?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  Do you understand those consequences?

4              THE DEFENDANT:  Yes, ma'am.

5              THE COURT:  You've read that and discussed it with

6   your attorney, sir?

7              THE DEFENDANT:  Yes, ma'am.

8              THE COURT:  Mr. Reyes, is this agreement that you and

9   I have been talking about, is this your complete and total

10  understanding of the entire agreement you have with the

11  government?

12             THE DEFENDANT:  Yes, ma'am.

13             THE COURT:  To the best of your knowledge, has

14  anything been left out of this agreement?

15             THE DEFENDANT:  No, ma'am.

16             THE COURT:  Other than what is contained in this

17  agreement, has anyone made you any promise or offered you any

18  type of inducement in order to get you to sign this agreement

19  or to plead guilty here today?

20             THE DEFENDANT:  No, ma'am.

21             THE COURT:  Has anyone forced you or threatened you to

22  sign this agreement or to plead guilty here today?

23             THE DEFENDANT:  No, ma'am.

24             THE COURT:  Has anyone made any promise to you as to

25  what your ultimate sentence will be?

XJ8QHREY                    SEALED - DO NOT DOCKET

1           THE DEFENDANT:  No, ma'am.

2           THE COURT:  Could you please tell me in your own words

3    what it is you did that makes you believe that you are guilty

4    of Count One of this indictment, sir.

5           MR. KIRTON:  Just one moment, your Honor.

6           THE COURT:  Of course, sir.  Mr. Kirton, do you and

7    your client have written notes to aid you?

8           MR. KIRTON:  Yes.

9           THE COURT:  That's fine.  I just wanted to make sure.

10   That's so common, of course.

11          Mr. Reyes, whatever you read to me, may I understand

12   these are your thoughts?

13          THE DEFENDANT:  Yes, ma'am.

14          THE COURT:  I'll let you and your attorney have a

15   moment to review them, and then I'll hear from you whenever

16   you're ready.

17          (Defendant conferred with counsel)

18          THE DEFENDANT:  I'm ready.

19          THE COURT:  I will hear from you now.

20          THE DEFENDANT:  Between 2016 and 2018, in the Southern

21   District of New York, I, working with Anthony Corley, Allen

22   Walker, and others to distribute at least 280 grams of crack

23   cocaine.  They supplied me with crack cocaine, and I sold the

24   crack cocaine in the vicinity of 1048 East 188th Street, Bronx,

25   New York.

XJ8QHREY                         SEALED - DO NOT DOCKET

1          THE COURT:  Mr. Corley and Mr. Walker, they were

2     people with whom you had an agreement, is that correct?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  Am I correct that Mr. Corley and

5     Mr. Walker were not law enforcement officers or government

6     agents?

7          THE DEFENDANT:  No, ma'am.

8          THE COURT:  They are not.  OK.

9          In addition to the 280 grams of crack cocaine, were

10    you also involved or did you also receive heroin or marijuana?

11         MR. KIRTON:  Just one moment, your Honor.

12         THE COURT:  Of course, sir.

13         (Defendant conferred with counsel)

14         MR. BALSAMELLO:  Your Honor, possible frame of that

15    question as well could be, was he aware of other people with

16    whom he worked selling those substances?

17         THE COURT:  I appreciate that.  I will ask that

18    question instead so that I can be more precise.

19         Mr. Reyes, let me ask a better question.  While you

20    were selling crack cocaine, were you aware that others in the

21    group of people with whom you had this agreement were selling

22    heroin or marijuana?

23         THE DEFENDANT:  Yes, ma'am.

24         THE COURT:  Were you aware of both being sold, sir, by

25    others?

XJ8QHREY                          SEALED - DO NOT DOCKET

1            THE DEFENDANT:  Yes, ma'am.

2            THE COURT:  At the time that you agreed with others to

3     sell crack cocaine, did you understand that what you were doing

4     was wrong and illegal?

5            THE DEFENDANT:  Yes, ma'am.

6            THE COURT:  Mr. Kirton, do you know of any valid

7     defense that would prevail at trial or any reason why your

8     client should not be permitted to plead guilty?

9            MR. KIRTON:  No, your Honor, and no, your Honor.

10           THE COURT:  Thank you for both answers.

11           Mr. Balsamello, are there additional questions you

12    would like me to ask of Mr. Reyes?

13           MR. BALSAMELLO:  No, your Honor.  I think you covered

14    earlier that he's satisfied with Mr. Kirton's representation.

15    That was the only thing in the allocution that I didn't

16    remember specifically, but nothing regarding his conduct at

17    all.

18           THE COURT:  Sir, very briefly, may I have a sense of

19    the types of evidence that would be introduced if this case

20    were to go to trial.

21           MR. BALSAMELLO:  Yes, your Honor.  If the case went to

22    trial, the government's evidence would include, among other

23    things, video and audio recorded controlled drug buys from

24    defendant and coconspirators and the physical evidence from

25    those buys, namely, the controlled substances purchased.  It

XJ8QHREY                    SEALED - DO NOT DOCKET

1   would include audio recordings from Title III wiretaps on the

2   phones of members of the conspiracy, and it would include

3   testimony of cooperating witnesses about the defendant's and

4   other individuals' roles in this conspiracy.

5           THE COURT:  Thank you.

6           Mr. Reyes, were you able to hear the prosecutor just

7   now?

8           THE DEFENDANT:  Yes, ma'am.

9           THE COURT:  Do you understand, sir, that if you were

10  to proceed to trial, that that is part or all of the

11  government's evidence against you at that trial?

12          THE DEFENDANT:  Yes, ma'am.

13          THE COURT:  Mr. Kirton, do you agree that there's a

14  sufficient factual predicate for a guilty plea to Count One?

15          MR. KIRTON:  Yes, your Honor.

16          THE COURT:  Is there any reason why I should not

17  accept it?

18          MR. KIRTON:  No, your Honor.

19          THE COURT:  Mr. Balsamello, the same two questions:

20  Do you agree that there's a sufficient factual predicate for a

21  guilty plea to Count One?

22          MR. BALSAMELLO:  Yes, your Honor.

23          THE COURT:  Is there any reason why I should not

24  accept it?

25          MR. BALSAMELLO:  No, your Honor.

XJ8QHREY                SEALED - DO NOT DOCKET

1           THE COURT:  Mr. Reyes, at this time do you wish to

2    enter a plea of guilty to Count One of the indictment 18

3    Cr. 454?

4           THE DEFENDANT:  Yes, ma'am.

5           THE COURT:  Mr. Reyes, because you've acknowledged

6    that you are in fact guilty as charged in this count; because

7    I'm satisfied that you know of your rights, including your

8    right to go to trial; because I'm satisfied that you're aware

9    of the elements of this offense and the penalties associated

10   with it; and because I find that you are knowingly and

11   voluntarily pleading guilty, I will accept your guilty plea.  I

12   will enter a judgment of guilty on Count One of this

13   indictment.

14          Earlier we spoke about sentencing, and at some point

15   in this case there will be your sentencing.  In connection with

16   that sentencing, the probation office will want to prepare the

17   presentence investigation report that I mentioned to you

18   earlier.  I will order that the interview that they conduct in

19   order to prepare that report with you not take place unless

20   your attorney or someone from his office is with you.  Do you

21   understand that, sir?

22          THE DEFENDANT:  Yes, ma'am.

23          THE COURT:  Mr. Reyes, in case I do not see you prior

24   to sentencing, I wanted you to understand that the presentence

25   investigation report is very important to me in deciding what

XJ8QHREY                    SEALED - DO NOT DOCKET

1   sentence to impose.  It is very useful to me.  In fact, it is

2   most useful when it is complete and when it is accurate.  So I

3   won't give you legal advice, sir, but I'd ask that if you

4   choose to speak with the probation office that you consider

5   ensuring that what you say to them is as truthful and accurate

6   as it can be, again, given the importance that I place on the

7   report.

8           I also want you to know that you'll have the

9   opportunity to review the report before I see it, as will your

10  attorney, as will the attorneys for the government.  I invite

11  you to look at the report beforehand, sir, in case there's

12  anything that you would like to supplement or modify or correct

13  or object to.  Do you understand that, sir?

14          THE DEFENDANT:  Yes, ma'am.

15          THE COURT:  May I ask the parties, would you like a

16  control date at this time?

17          MR. BALSAMELLO:  Sure, that would be fine, your Honor.

18          THE COURT:  Are you looking to go six months out or

19  something less than that, sir?

20          MR. BALSAMELLO:  That would be fine.  If the matter

21  proceeds in a way that we can move sentencing earlier, we can

22  alert the Court as soon as we become aware of that.

23          THE COURT:  OK.  Ms. Noriega, may I have a control

24  date six months out.

25          THE DEPUTY CLERK:  Wednesday, February 19, at

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

XJ8QHREY                          SEALED - DO NOT DOCKET

1   3:00 p.m.

2           MR. KIRTON:  That's fine, your Honor.  Just in terms

3   of the date, I'd like the probation department to, I guess,

4   start immediately the process by which the presentence report

5   should be prepared.  ███████████████████████████████████

6   ████████████████████████████████████████████████████████

7   ██████████  ██████████████████████████████████████  So I

8   didn't want to select a date that was substantially longer than

9   the normal sentencing date just in case my client's case would

10  be ready for sentencing.

11          THE COURT:  I see.

12          Mr. Balsamello, you're agreeing that concurrent --

13  though this is a control date, I should begin the process of

14  preparing the PSR, because it is a process for which they

15  usually request 110 to 120 days?

16          MR. BALSAMELLO:  Yes, your Honor.  May I speak with

17  Mr. Kirton for one moment?

18          THE COURT:  You may, of course.

19          MR. BALSAMELLO:  Thank you.

20          ████████████████

21          ████  ██████████  ███████████  ████████████  ██████

22  ████████████████████  █████████████████████████

23  █████████████████████████████████████████████████████

24  ██████████████████████████████  ██████████████████

25  ███████████████████████████████████

1 ███████████████████

2         THE COURT:  All right.  Then I'll ask Ms. Noriega to

3 advise the probation office that this is a date on which there

4 could be a sentencing and that the presentence investigation

5 report should therefore be started.

6         All right.  I will remind the parties that when it

7 comes time for sentencing, I'd like the opening sentencing

8 submission two weeks in advance of sentencing and the

9 responsive sentencing submission one week in advance of

10 sentencing so that I can have a meaningful opportunity to

11 review it.

12         Mr. Balsamello, when it is appropriate, I'd ask you to

13 provide the factual statement to the probation office.

14         And, Mr. Kirton, in the coming few weeks, please

15 arrange for the interview of your client.

16         MR. KIRTON:  Yes.

17         THE COURT:  Of course.

18         Mr. Balsamello, is there anything else you want to

19 bring to my attention in this proceeding?

20         MR. BALSAMELLO:  No, your Honor.  Again, your notes

21 may reflect that you already asked about Mr. Reyes'

22 satisfaction with counsel.  I may have missed it.

23         THE COURT:  I believe I did ask that.

24         MR. BALSAMELLO:  That's fine.  I apologize, then.

25         THE COURT:  But we can have him be satisfied with

XJ8QHREY                    SEALED - DO NOT DOCKET

1    Mr. Kirton more than once.

2         Mr. Reyes, I want to make sure I get the language

3    proper.  Are you satisfied with your attorney's representation

4    of you in this matter?

5         THE DEFENDANT:  Yes, ma'am.

6         THE COURT:  All right.  Thank you for letting me know.

7         Mr. Balsamello, anything else?

8         MR. BALSAMELLO:  No, Judge.  Thank you.

9         THE COURT:  Mr. Kirton, is there anything you'd like

10   to bring to my attention in this proceeding?

11        MR. KIRTON:  No, your Honor.  Thank you.

12        THE COURT:  I thank you very much.

13        Mr. Reyes, I thank you as well.  We are adjourned.

14        (Adjourned)

15

16

17

18

19

20

21

22

23

24

25